WEAVER, Respondent, v. CUFF, Appellant.

(216 N. W. 600.)

(File No. 6248. Opinion filed December 13, 1927.)

P. M. *Burns* and *T. C. Gorman,* both of Timber Lake, for Appellant.

*Thomas R. Nelson,* of Dupree, for Respondent.

BROWN, J. Upon a verdict concurred in by eleven of the twelve jurors who tried this case, plaintiff had judgment for $150.34 for damage done to his crops by defendant's trespassing

cattle. Defendant appeals on the ground that the provision in article 6. § 6, of the state Constitution, permitting the Legislature to provide for the decision of civil cases by three-fourths of the jury, and the statute (chapter 151, Laws of 1923), providing that in civil cases, where the verdict is agreed to by ten of the jury, it shall be the verdict of the jury, contravene provisions of the federal Constitution. This is the only question argued on the appeal.

Defendant concedes that verdicts in civil cases, concurred in by less than twelve jurors, are authorized by the Constitutions of several states, including California, Idaho, Louisiana, Nevada, Texas, Washington, and Montana, and have been upheld by the courts in those states, but he seems to contend that the federal Constitution forbids a state to authorize any form of trial by jury other than by a common-law jury of twelve unanimously agreeing to the verdict.

This contention cannot be sustained. The provision of the Seventh Amendment to the federal Constitution that, "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," has no application to trials in state courts. Maxwell v. Dow, 176 U. S. 581, 20 S. Ct. 448, 44 L. ed. 597.

"A state is not inhibited by the federal Constitution from providing for the trial of civil cases by a jury of less than twelve." 35 C. J. 233, § 159.

Defendant further contends that the provision of the state Constitution authorizing a verdict in civil cases by a jury of less than twelve is not in keeping with a republican form of government, and therefore is in violation of that provision of the federal Constitution (article 4, § 4) which guarantees to every state in the Union a republican form of government. But trial by jury is not an essential element of a republican form of government. In England, under a monarchical form of government, there is trial by common-law juries in civil cases; in France, under a republican form of government, in civil cases there is no jury trial.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and SHERWOOD and BURCH, JJ., concur.

POLLEY, J., not sitting.